UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BARBARA CURTIS, individually** ) <br> **as surviving spouse and on behalf of the** ) <br> **wrongful death beneficiaries of Randal** ) <br> **Lee Curtis, deceased,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **BOULEVARD TERRACE** ) <br> **HEALTHCARE LLC d/b/a** ) <br> **VIVIANT HEALTHCARE OF** ) <br> **MURFREESBORO and VIVIANT** ) <br> **CARE MANAGEMENT LLC a/k/a** ) <br> **VIVIANT HEALTHCARE** ) <br> **MANAGEMENT LLC,** ) <br> ) <br> **Defendants.** ) | Case No. 3:22-cv-00002 <br> Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

Boulevard Terrace Healthcare LLC ("Boulevard Terrace") and Viviant Care Management LLC ("Viviant Care") have filed a Motion to Dismiss (Doc. No. 13), to which Barbara Curtis has filed a Response (Doc. No. 15) and Supplemental Response (Doc. No. 20), and the defendants have filed a Reply (Doc. No. 23). For the reasons set out herein, the motion will be granted, and this case will be dismissed without prejudice for lack of jurisdiction.

## I. BACKGROUND

On January 4, Barbara Curtis filed a Complaint in this court against Boulevard Terrace and Viviant Care for damages related to the death of her husband, Randal Lee Curtis. (Doc. No. 1.) Ms. Curtis relied on the court's diversity jurisdiction, which, she said, was available because she is a citizen of Tennessee and the defendant LLCs are each "made up of one individual member"—Samuel Goldner—"who, upon information and belief, is a citizen of New York." (*Id.* ¶ 4.) The

defendants do not dispute that, if that were true, the court would have jurisdiction. According to the defendants, however, Ms. Curtis is wrong about the nature of their membership and, in her misunderstanding, has overlooked the fact that one of the defendants, Boulevard Terrace, is, like her, a citizen of Tennessee.

Ms. Curtis appears to have formed her understanding of Boulevard Terrace's membership and Goldner's role based on two documents: (1) a 2020 Tennessee Limited Liability Company Annual Report Form (Doc. No. 19-1); and a 2021 Tennessee Department of Health Nursing Home Renewal Application (Doc. No. 19-2). Goldner signed each form. The Annual Report Form states that Boulevard Terrace has one member, which it does not identify, and identifies Goldner as the entity's sole officer. (Doc. No. 19-1.) Next to Goldner's signature, however, his title is identified as "Member." (*Id.* at 1.) According to the defendants, this was not intended to suggest that Goldner was *himself* the member, but rather that he was signing *on behalf of* the member, BTGO Healthcare Holdings LLC ("BTGO"), of which Goldner is President.

The Renewal Application required the applicant to list all "individual owners, partners, directors of the corporation, or head of the government entity," and Boulevard Terrace listed only Goldner. This portion of the form, however, does not explain whether Goldner is an owner, partner, director, or some combination thereof, and the relevant section, by its own language, is limited to information regarding individuals and therefore would not reflect any ownership by a legal entity such as another LLC. Goldner's signature block, however, again identifies his title as "Member." (Doc. No. 19-2 at 3.)

On February 3, 2022, the defendants filed their Business Entity Disclosure Forms. (Doc. Nos. 11–12.) Boulevard Terrace identified its sole member as BTGO and listed a number of members of BTGO, including one, David Craig, whom the Disclosure Form characterized as living

2

in Tennessee. (Doc. No. 11-1 at 1.) The same day, the defendants filed a Motion to Dismiss pursuant to Rule 12(b)(1), arguing that the court lacks diversity jurisdiction in light of Craig's, and by extension BTGO's and Boulevard Terrace's, Tennessee citizenship. (Doc. No. 13.)

The court permitted jurisdictional discovery, which is now complete, and the parties have produced evidence further clarifying the situation. The defendants have provided an Affidavit of David Craig, in which he states that (1) he has lived continuously in Tennessee since 1993 and (2) he has been a member of BTGO since July 29, 2020. (Doc. No. 18 ¶¶ 3–4.) Craig has also provided his Tennessee driver's license. (Doc. No. 18-1.) The defendants also filed a Declaration of Samuel Goldner confirming that BTGO is the sole member of Boulevard Terrace and that Goldner is an officer and member of BTGO. (Doc. No. 22.) Curtis has provided the defendants' Response to her discovery requests. (Doc. No. 20-2.) According to those responses, BTGO was the sole member of Boulevard Terrace at the time of the filing of the Complaint. (*Id.* at 3.) The defendants also produced an Action by Written Consent of the Manager from 2019 that identifies BTGO as the "sole member of" Boulevard Terrace. (Doc. No. 20-3 at 64.)

## II. LEGAL STANDARD

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Genetek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). When a Rule 12(b)(1) motion contests jurisdiction factually, as this one does, the court must weigh the evidence in order to determine whether it has the power to hear the case, without presuming the challenged allegations in the complaint to be true. *Id.*; *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). When the facts are disputed in this way, "[t]he district court has broad discretion to consider affidavits, documents outside the complaint, and to even conduct a limited evidentiary hearing if necessary," without converting the

motion into one for summary judgment. *Cooley v. United States*, 791 F. Supp. 1294, 1298 (E.D. Tenn. 1992), *aff'd sub nom. Myers v. United States*, 17 F.3d 890 (6th Cir. 1994); *see also Genetek*, 491 F.3d at 330. It is then the plaintiff's burden to show that jurisdiction is appropriate. *DLX*, 381 F.3d at 511.

### III. ANALYSIS

"[T]he presence . . . of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978); *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)). "The citizenship of a limited liability company . . . is determined by the citizenship of each member." *Beanstalk Innovation, Inc. v. SRG Tech., LLC*, 823 F. App'x 404, 408–09 (6th Cir. 2020) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (*quoting Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

Curtis has conceded, following discovery, that "David Craig, a member of BTGO, is a citizen of Tennessee." (Doc. No. 20 at 3.) BTGO is, therefore, also a citizen of Tennessee. Curtis argues, however, that her motion should still be granted because "there is no evidence that BTGO was the sole member of Boulevard Terrace at the time this lawsuit was filed." (*Id.*) That, though, is untrue; the defendants have provided testimonial evidence of their position as well as the 2019 Action by Written Consent, which Ms. Curtis has been unable to refute, despite having been able to engage in discovery.

The only indication that Goldner is a member of Boulevard Terrace is in the signature blocks of the two documents, which appear to state as much. It is difficult to see how Curtis could be faulted for reading those documents in the manner that she did, and, while the defendants' explanation sheds some light on why the documents say what they do, Goldner's imprecision does appear to be to blame for the misunderstanding. What is at issue here, however, is not the question of fault, but the mandatory requirement of subject matter jurisdiction, which "can never be forfeited or waived." *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 310 (6th Cir. 2018) (quoting *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009)). Based on the current record, there are only two possibilities: either BTGO is, in fact, the sole member of Boulevard Terrace and was so when the Complaint was filed, or the defendants and their witnesses are simply lying about—and dishonestly relying on a purported formal document seeming to confirm—that fact. There is, though, no evidence that the defendants would engage in so brazen a deception simply to avoid litigating in federal, rather than state, court.

Based on the materials before the court, assembled with the benefit of discovery, the court finds that (1) Craig is a citizen of Tennessee, (2) Craig was a member of BTGO at the time of the filing of the Complaint, and (3) BTGO was a member of Boulevard Terrace as of that date as well. Craig's citizenship is therefore imputed to Boulevard Terrace, destroying the complete diversity of the parties and depriving this court of jurisdiction. The court accordingly must dismiss the claims.

## IV. CONCLUSION

For the foregoing reasons, the defendants' Motion to Dismiss (Doc. No. 13) is hereby **GRANTED,** and all of the plaintiff's claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge